$5\frac{5}{5}30$

1  ## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2  Name __STRONG_____SYLVESTER_____
      (Last)              (First)            (Initial)

3  FILED

  Prisoner Number ___D-99287_____

4  Institutional Address __Correctional Training Facility_____

5        P.O. Box 689, Soledad, CA 92960

6  ═══════════════════════════════════════════════════════
   UNITED STATES DISTRICT COURT

7  NORTHERN DISTRICT OF CALIFORNIA

8  SYLVESTER STRONG,
   (Enter the full name of plaintiff in this action.)

9

10              vs.                     Case No. _____
                                        (To be provided by the clerk of court)
   ARNOLD SCHWARZENEGGER, Governor,

11  State of California; BEN CURRY,     **PETITION FOR A WRIT**  **SI**
                                        **OF HABEAS CORPUS**

12  Warder.                                              **(PR)**

13

14  (Enter the full name of respondent(s) or jailor in this action)

15

16              ## Read Comments Carefully Before Filling In

17  When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were **not** convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1    Who to Name as Respondent

2          You must name the person in whose actual custody you are. This usually means the Warden or

3    jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced. These are not proper

5    respondents.

6          If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now and the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10   A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11         1. What sentence are you challenging in this petition?

12              (a)   Name and location of court that imposed sentence (for example; Alameda

13                    County Superior Court, Oakland):

14   **Fresno County Superior Court,   Fresno**

15              Court                                    Location

16              (b)   Case number, if known __380750-0__

17              (c)   Date and terms of sentence __10/21/1988, 15-years to life__

18              (d)   Are you now in custody serving this term? (Custody means being in jail, on

19                    parole or probation, etc.)           Yes __xx__   No _____

20                    Where?

21                    Name of Institution: __Correctional Training Facility__

22                    Address: __P.O. Box 689, Soledad, CA 93960__

23         2. For what crime were you given this sentence? (If your petition challenges a sentence for

24   more than one crime, list each crime separately using Penal Code numbers if known. If you are

25   challenging more than one sentence, you should file a different petition for each sentence.)

26   **Second degree murder, Penal Code § 187**

27   _____

28   _____

PET. FOR WRIT OF HAB. CORPUS        - 2 -

1    3. Did you have any of the following?

2        Arraignment:                          Yes _____    No _____

3        Preliminary Hearing:                  Yes _____    No _____

4        Motion to Suppress:                   Yes _____    No _____

5    4. How did you plead?

6        Guilty _____    Not Guilty _____    Nolo Contendere _____

7        Any other plea (specify) _____

8    5. If you went to trial, what kind of trial did you have?

9        Jury _____    Judge alone _____    Judge alone on a transcript _____

10   6. Did you testify at your trial?                Yes _____    No _____

11   7. Did you have an attorney at the following proceedings:

12       (a)   Arraignment                     Yes _____    No _____

13       (b)   Preliminary hearing             Yes _____    No _____

14       (c)   Time of plea                    Yes _____    No _____

15       (d)   Trial                           Yes _____    No _____

16       (e)   Sentencing                      Yes _____    No _____

17       (f)   Appeal                          Yes _____    No _____

18       (g)   Other post-conviction proceeding   Yes _____    No _____

19   8. Did you appeal your conviction?               Yes _____    No _____

20       (a)   If you did, to what court(s) did you appeal?

21             Court of Appeal                  Yes _____    No _____

22             Year: _____    Result: _____

23             Supreme Court of California      Yes _____    No _____

24             Year: _____    Result: _____

25             Any other court                 Yes _____    No _____

26             Year: _____    Result: _____

27

28       (b)   If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS        - 3 -

1              petition?                        Yes ____     No____

2         (c)    Was there an opinion?        Yes ____     No____

3         (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                   Yes ____     No____

5              If you did, give the name of the court and the result:

6

7

8   9.  Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?        Yes **XX**     No____

10          [Note:  If you previously filed a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition.  You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15  U.S.C. §§ 2244(b).]

16        (a)    If you sought relief in any proceeding other than an appeal, answer the following

17                questions for each proceeding.  Attach extra paper if you need more space.

18            I.      Name of Court:**Fresno County Superior Court**

19                   Type of Proceeding: __**Habeas Corpus**__

20                   Grounds raised (Be brief but specific):

21                   a.___**SAME AS RAISED HEREIN**_____

22                   b._____

23                   c._____

24                   d._____

25                   Result: **Denied  (EXHIBIT 1)**_____Date of Result: **12/22/06**

26            II.     Name of Court: __**App.Ct. of Calif., Fifth App.Dist.**__

27                   Type of Proceeding: **Habesa Corpus**

28                   Grounds raised (Be brief but specific):

1              a.____SAME AS RAISED HEREIN_____

2              b._____

3              c._____

4              d._____

5              Result: __Denied_____Date of Result: __5/24/07__

6    III.      Name of Court: __California Supreme Court_____

7              Type of Proceeding: __Petition for Review_____

8              Grounds raised (Be brief but specific):

9              a.____SAME AS RAISED HEREIN_____

10             b._____

11             c._____

12             d._____

13             Result: __Denied_____Date of Result: __8/8/07__

14    IV.      Name of Court: _____

15             Type of Proceeding: _____

16             Grounds raised (Be brief but specific):

17             a._____

18             b._____

19             c._____

20             d._____

21             Result: _____Date of Result:_____

22    (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                    Yes __XX__    No_____

24           Name and location of court: __Fed.Ct.. Eastern Dist. Challenging
             plea agreement, Case no. CV 00112 OWW TAG HC__
25    B. GROUNDS FOR RELIEF

26    State briefly every reason that you believe you are being confined unlawfully. Give facts to

27    support each claim. For example, what legal right or privilege were you denied? What happened?

28    Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

B. GROUNDS FOR RELIEF

### Claim I

IT WAS A VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS
GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE
UNITED STATES CONSTITUTION WHEN THE GOVERNOR OF CALIFORNIA
REVERSED THE BOARD OF PAROLE HEARINGS GRANT OF PAROLE
WHEN THE GOVERNOR RELIED SOLELY ON IMMUTABLE FACTORS
THAT HAVE NO PREDICTIVE VALUE OF PETITIONER'S <u>CURRENT</u>
THREAT TO PUBLIC SAFETY.

---

### Supporting facts

On April 1, 1988 the District Attorney of Fresno County filed
a five count information in the Superior Court of California, County
of Fresno (EXHIBIT 2). In a plea agreement, three of the counts
were dismissed. It was agreed that the dismissed counts would not
be used in sentencing considerations (<u>People v. Harvey</u> (1979) 25
Cal.3d 754, 758; see EXHIBIT 3, p. 5).

In the information filed in the Fresno County Superior Court
on April 1, 1988 (EXHIBIT 2), relevant to case at bench, in count
one, Petitioner was charged with a "violation of section 187 of the
penal code,[1] a felony. The said defendant, on or about Decemeber
10, 1987, did willfully, unlawfully, and with malice aforethought
murder Diane Strong, a human being" (EX. 2, p. 1); and in count two,
Petitioner was charged with a "violation of section 245(a)(1) of
the penal code...on or about December 10, 1987, did willfully and
unlawfully commit an assault upon Lavelle Jones, with a deadly weapon,
to wit: a knife, and by means of force to produce great bodily injury"
(EX. 2, p. 2).

On September 12, 1988, Petitioner entered a "no contest'" plea

---

1. All statutes and regulations are California, unless otherwise noted.

to both counts (EXHIBIT 4, Change of Plea" at  RT 20:13-16,
21:16-23; 22:3-11).

Petitioner has been continually imprisoned since the date of
the instant offense, December 10, 1987. As of the date of
Petitioner's parole suitability hearing when he was found suitable
for parole, May 31, 2006, Petitioner had been imprisoned 19 years
3 months. With conduct credits (Penal Code § 190 [1987 ed.];
California Code of Regulations, Title 15 (hereafter Cal. Code Regs.,
tit. 15), § 2410), applying only to the indeterminate term, commencing
November 2, 1988, Petitioner has served the equivalent of 24 years.
Petitioner's release date was fixed, pursuant to Cal. Code Regs.,
tit. 15, § 2403(II-C) [18-19-20 years]) (EXHIBIT 5, HT[06] 105:26),
the term being fixed at 19 years, plus 6 months for use of a weapon.
When conduct credits are applied to the uniform term matrix,
Petitioner's release date should have been approximately May of 2001.
It is the May 31, 2006 parole suitability hearing that the governor's
decision flows from.

At the instant parole suitability hearing, Petitioner was sworn
to tell the truth (HT 16:16-20). The facts of the controlling offense
were taken from the POR at pages 2-5 (EXHIBIT 6), incorporated into
the record (HT 16:22-17:5), then Petitioner filled in the gaps.
It is these facts from which the governor derived his facts for his
decision (EXHIBIT 7). The facts being as follows by the governor:[*]/

---

[*] The facts as presented in the POR and governor's decision are a "Readers
Digest" version and do not provide a complete picture, thus as EXHIBIT
8 Petitioner provides relevant pages from the Clerk's Transcript on Appeal,
which he will refer to in his Traverse to rebut the respondent's Answer.
The preliminary testimony may not be germane to Petitioner's current threat
to public safety, but it is certainly germane to the truth.

Lavelle Jones was at the home of Diane Strong when Petitioner arrived at Mrs. Strong's front door. Petitioner told Mrs. Strong to open the door. Mrs. Strong would not open the door because she had a restraining order against Petitioner. "[Petitioner] then broke open the door and stumbled inside. Lavelle testified that [Petitioner] was holding a knife. [Petitioner] accused Lavelle of going with Diana, and he started calling Diana names and said, 'Bitch, I am going to kill you.' Diana tried to run but [Petitioner] grabbed her and started hitting her. He was still holding the knife. Diana screamed, "Sylvester, don't hurt me.' Lavelle began to leave and said, "Sylvester, don't you all hurt each other.' Diana ran into Levelle as she tried to leave through the front door. She lost her balance and fell to her knees by the entryway. [Petitioner] approached Lavelle, cut his hand with the knife and said he was going to kill him too. Lavelle ran out of the house."

It was Petitioner who called 911 for medical assistance, admitting he stabbed his wife (EX. 6, p. 2).

Relevant to the statement that Petitioner came through the door with a knife in his hand, "According to another officer's testimony, set forth in the probation report...[i]n the kitchen, he saw a butcher block knife holder with a knife missing..." (EX. 6, p. 1).

Mr. Lavelle did indeed testify Petitioner cut him with a knife, but does not know exactly when, but believes it was when Petitioner came at him (EXHIBIT 8, CT 32:11-33:17), and there is no testimony of Petitioner telling Mr. Lavelle that he was going to kill him too (pages related to objections and discussions with the court omitted).

The cause of death was "Hemorrhagic Shock due to Stab Wound to Neck and Chest" cutting "the right internal jugular vein, and cut the Azygous vein" (EXHIBIT 6, p. 4).

On November 3, 1998, Petitioner was found unsuitable for parole at his initial parole suitability hearing (EXHIBIT 9, '98 decision). The primary reason for finding Petitioner unsuitable for parole was the commitment offense: "The offense was carried out in an especially cruel and callous manner which exhibits a callous disregard for life and suffering of another" (EX. 9, '98 decision, p. 1:11-14). It

- 8 -

was also noted that Petitioner's psychological evaluation, prepared
by the Board's own forensic experts (see EXHIBIT 10, 1998
psychological evaluation), found Petitioner's "violence potential
is estimated to be somewhat below average relative to this inmate
population" (EX. 9, '98 decision p. 3:12-15).

On September 24, 2001, Petitioner second parole suitability
hearing, he stipulated to a one year deferral (EXHIBIT 11). A
psychological evaluation was prepared for the 2001 hearing (EXHIBIT
12, wherein the Board's forensic expert concluded Petitioner's
"violence potential if released to the community is therefore
estimated to be no higher than the average citizen in the community"
(EX. 12, p. 5).

On August 27, 2002, Petitioner was found unsuitable for parole
at his third parole suitability hearing (EXHIBIT 13, '02 decision).
The primary reason for finding Petitioner unsuitable for parole was
again the commitment offense: "The offense was carried out in an
especially cruel and callous manner. Multiple victims were attacked
and injured. The victim was abused, defiled during the offense.
The offense was carried out in a manner that demonstrates an
exceptionally callous disregard for human suffering, and the motive
for the crime was inexplicable and trivial in relation to the offense"
(EX. 13, '02 decision, p. 1:14-22). It was noted that Petitioner's
2000 psychological evaluation (EXHIBIT 12) was "not totally supportive
in that there are areas of concern" then citing immutable factors
commented on by the Board's forensic expert (EX. 13, '02 decision,
pp. 2:15-3:1). The Board's interpretation of the evaluation was
cleared up by its author, Dr. Howlin (EXHIBIT 14).

On October 21, 2003, Petitioner was again found unsuitable for parole at his fourth parole suitability hearing (EXHIBIT 15, '03 decision). The primary reason for finding Petitioner unsuitable for parole was again the commitment offense: "Paramount reasoning would be the timing and gravity of the committing offense, Mr. Strong. The offense was carried out in a vicious and brutal manner" (EX. 15, '03 decision, p. 1:14-17); "The motive for this crime was inexplicable and very trivial. The offense was carried out...in an exceptionally insensitive disregard for human suffering" (EX. 15, p. 2:4-8). In reference to Petitioner's psychological evaluation, which was the 2000 evaluation (EX. 12), the Board stated it to be "adequate" (EX. 15, p. 3:7).

On November 18, 2004, Petitioner was again found unsuitable for parole at his fifth parole suitability hearing (EXHIBIT 16, '04 decision). The primary reason for finding Petitioner unsuitable for parole was again the commitment offense: "This offense was carried out in an especially cruel and callous manner" (EX. 16, '04 decision, p. 1:15-16); "The offense was carried out in a dispassionate -- it was calculated, because you went there" (EX 16, p. 1:20-21); "The motive for this crime was inexplicable" (EX. 16, p. 2:2). A new psychological evaluation was prepared by Dr. Sexton (EXHIBIT 17). Dr. Sexton concluded that Petitioner has "no more violence potential than the average male in the general population of equal age" (EX. 17, p.3). The Board commented, "the most recent psychological evaluation shows that you're making progress" (EX. 16, p. 3:14-17).

Petitioner was found suitable for parole at his sixth parole suitability hearing (EXHIBIT 5, HT[06] 99-114). For this hearing

the Board relied on Petitioner's 2004 psychological evaluation
(EXHIBIT 17). A review of the 2006 decision will contrast, after
four actual parole hearings, how the reasons given to deny parole
are suddenly reversed and are now favorable to suitability.

In reversing the Board's finding of suitability for parole,
the governor, after reviewing the facts of the crime set out above,
the governor relied on "[t]he gravity of this shocking crime is alone
sufficient for me to conclude presently that Sylvester Strong's
release from prison would pose an unreasonable public-safety risk.
The Fresno County District Attorney's Office expressed to the 2006
Board its opposition to Mr. Strong's parole, based in part on the
gravity of the murder he committed" (EXHIBIT 7, p. 3).

* * * * * * *


If any of these grounds was not previously presented to any
other court, state briefly which grounds were not presented and why:

All grounds have been exhausted.

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    SEE MEMORANDUM OF LAW ATTACHED HERETO AS APPENDIX "A"

5    _____

6    _____

7    Do you have an attorney for this petition?                     Yes____    No__XX__

8    If you do, give the name and address of your attorney:

9    _____

10       WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on _9 / 12 / 2007_                  _Sylvester Strong_

14                  Date                           Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS

## M E M O R A N D U M   O F   L A W

### JURISDICTION OF THE COURT

Review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is deferential.  The writ may be granted where the state court actions "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" (28 U.S.C. § 2254(d)).

Petitioner has a "liberty interest" in parole (In re Lawrence, 150 Cal.App.4th 1511 (2007), citing inter alia, Greenholtz v. Inmates of Nebraska Penal and Correctional Complex (herefter Greenholtz), 442 U.S. 1 (1979); Superintendent v. Hill (hereafter Hill), 472 U.S. 445 (1985); Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003); Sass v. California Board of Prison Terms (hereafter Sass), 461 F.3d 1123 (9th Cir. 2006); Irons v. Carey, 479 F.3d 658 (9th Cir. 2007).

When a "liberty interest" attaches to a government action depriving one of his or her liberty, the United States Supreme Court has opined that "some evidence" is used "as a standard of review, not as a standard of proof" (Hamdi v. Rumsfeld, 452 U.S. 507, 537 (2004); see In re Morrall, 102 Cal.App.4th 280, 302 (2002); California Evidence Code, § 115; Calif. Code Regs., tit. 15, § 2000(b)(50)). Thus, significant to the primary determination, was the proper "standard of proof" applied?  An EVIDENTIARY HEARING is required to determine what "standard of proof" the Board applies in parole suitability determinations.

On judicial review, although the "some evidence" standard may apply, "it is not just 'some evidence' to support the Governor's findings, but 'some evidence' sufficient to satisfy the statute's ultimate test, that is, 'some evidence' the release of Lawrence would subject society to an 'unreasonable risk' of danger to public safety" (In re Lawrence, 150 Cal.App.4th, at 1544, supra). "The test is...whether some evidence indicates a parolee's release unreasonably endangers public safety" (In re Lee, 143 Cal.App.4th 1400, 1408 (2006), emphasis in original, Petition for Review denied, depublication denied). The Executive "must remain focused not on the circumstances that may be aggravating in the abstract but, rather, on facts indicating that release currently poses 'an unreasonable risk of danger to society' (§ 2402, subd. (a); accord, Pen.Code, § 3041, subd. (b))" (In re Elkins, 144 Cal.App.4th 475, 499 (2006), emphasis added, Petition for Review denied, depublication denied). In other words, "whether the inmate will be able to live in society without committing additional antisocial acts" (In re Lawrence, supra, 150 Cal.App.4th, at 1543). Thus, the focus is to be on CURRENT parole risk, not a risk two decades in the past.

A. **The Commitment Offense Is No Longer Evidence of Current Threat to Public Safety.**

Petitioner had completed his minimum eligible parole date (MEPD) on December 10, 1999 (EXHIBIT 1, HT 2), seven (7) years prior to his 2006 parole suitability hearing. Petitioner had satisfied the 15 year bottom end of his sentence of 15 years to life on November 11, 2003. Thus, the commitment offense being 19 years behind Petitioner, and surpassing his MEPD and minimum term by several years, the commitment offense has lost its predictive value (Greenholtz,

- 14 -

442 U.S., at 10, supra [offense is relative to time, "entailing primarily what a man is and what he may become rather than simply what he has done"]; Moody v. Daggett, 429 U.S. 78, 88-90 (1976) [postconviction record is one of the "most significant" factors of predicting parole suitability]; Irons v. Carey, 479 F.3d, at 665, supra [commitment offense is not reliable after serving minimum term]; Biggs v. Terhune, 334 F.3d, at 916-917, supra [commitment offense initially may be used to deny parole, but may violate due process to use after initial hearing; see also Willis v. Kane, 458 F.Supp.2d 1126, 1130 (N.D. Cal. 2007); Sanchez v. Kane, 444 F.Supp.2d 1049, 1062 (C.D. Cal. 2006); Rosenkrantz v. Marshall, 444 F.Supp.2d 1063, 1084-1086; Martin v. Marshall, 431 F.Supp.2d 1038, 1047 (N.D. Cal. 2006); In re Lawrence, 150 Cal.App.4th, at 1551, 1561; In re Barker, 151 Cal.App.4th 346, 372 (2007); In re Lee, 143 Cal.App.4th, at 1412, supra; In re Elkins, 144 Cal.App.4th, at 498, supra; Brown v. Kane, Slip Copy, 2007 WL 1288488, *4 (N.D. Cal. 5/2/07); Blankenship v. Kane, Slip Copy, 2007 WL 1113798, *11 (N.D. Cal. 4/12/07)).

The Governor determined that Petitioner's offense "was execptionally callous disregard for [Diana's] suffering and life. In addition, there is evidence in the record before me that Sylvester engaged in some level of premeditation" (EXHIBIT 7, p. 3).

On September 12, 1988, Petitioner pled guilty to one count of second degree murder in violation of Penal Code § 187.  This plea was pursuant to Penal Code § 1192.1 [a defendant cannot be punished for a crime greater than the degree he agreed to when entering into his contract with the state.] see also Blakely v. Washington, 542 U.S. 296, 299-300, 303-304 (2004); Santobello v. New York, 404 U.S.

- 15 -

257 (1971); <u>Henderson v. Hogan</u>, 426 U.S. 637 (1976); <u>People v. Jermone</u>, 160 Cal.App.3d 1087 (1984) ["Petitioner can only be punished for the elements of the offense as charged and agreed to"];
<u>Blaenkenship v. Kane</u>, Slip Copy, 2007 WL 1113798, *7, <u>supra</u> ["the Governor's characterization of Petitioner's actions as premeditated is incorrect because the trial court found the offense was murder in the second degree"]).

## C O N C L U S I O N

Based on the foregoing facts, exhibits and case law, it is respectfully requested that an Order to Show Cause issue for the respondent to show cause why the writ should not be granted and the Governor's decision vacated and the Board's finding of suitability of parole reinstated and Petitioner released on parole within ten (10) days of the Court's Order.

DATED: _9/12/2007_

Respectfully submitted,

_Sylvester Strong_
Sylvester Strong
Petitioner in pro se

- 16 -

September 12, 2007

Sylvester Strong, D-99287
CTF-East Dorm (ED-40L)
P.O. Box 689
Soledad, CA 93960

Petitioner in pro se

Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

RE: FILING WRIT OF HABEAS CORPUS

Clerk of the Court:

        Please find enclosed my writ of habeas corpus, absent filing
fee.  Because writs are delayed, sometimes sent without a money order
enclosed from the prison trust office, and sometimes writs even lost,
I feel it safest to send my writ directly and be billed.  Please
send to me a notice of filing fee with case number and I will make
arrangements for remittance from a family member outside the prison.

        Thank you for understanding my situation.  I apologize for any
inconvenience this may cause, but it does avoid much frustration
in dealing with prison workers who just don't care.

Respectfully,

Sylvester Strong
Petitioner in pro se