UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYLVESTER STRONG,

    Petitioner,

    v.

BEN CURRY, warden,

    Respondent.

No. C 07-4927 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Sylvester Strong, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Strong reports in his petition that he was convicted in the Fresno County Superior Court of second degree murder and was sentenced in 1988 to 15 years to life in prison. His petition does not challenge his conviction but instead challenges a decision by Governor Schwarzenegger in 2006 to reverse the May 31, 2006 decision of the Board of Parole Hearings ("BPH") that found him suitable for parole.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Strong's petition, liberally construed, appears to allege that the Governor's decision violated his right to due process because it was not supported by sufficient evidence and was in breach of his plea agreement. Liberally construed, the allegations state cognizable claims for due process violations. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (adopting some evidence standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)); Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003); see also Santobello v. New York, 404 U.S. 257, 261-62 (1971) (defendant has a right to enforce terms of plea agreement).

**CONCLUSION**

For the foregoing reasons,

1. The due process claims are cognizable and warrant a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **January 18, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the

answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **February 15, 2008**.

IT IS SO ORDERED.

DATED: November 14, 2007

_____
SUSAN ILLSTON
United States District Judge