# EXHIBIT G

1  HC06CRWR677826-JBC-nar

**FILED**
APR - 6 2006
FRESNO COUNTY SUPERIOR COURT
By _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

CENTRAL DIVISION

| | |
|---|---|
| In re ) | No. 06CRWR677826   Dept. 98B |
| SYLVESTER STRONG, SR., ) ) | ORDER |
| Petitioner ) ) | |
| On Habeas Corpus. ) ) | |

Having considered the petition for writ of habeas corpus dated March 26, 2006 and filed on March 30, 2006, the court finds that petitioner's assertions are inaccurate and do not justify the requested relief at this time.

Petitioner states that he was sentenced pursuant to a plea agreement to a term of 18 years, he is being unlawfully detained beyond the maximum term, and he should be released immediately. The circumstances of this case are summarized in the Opinion affirming petitioner's judgment issued by the Fifth Appellate District on November 15, 1989. (Also see prior petition 03CRWR676847 and the order issued on October 14, 2003.) Contrary to what petitioner claims, he was sentenced to a term of 15 years to life plus three years for second-degree murder and assault with

1  a deadly weapon. As a "life prisoner," his initial parole hearing
2  was scheduled for September 24, 2001. The Board of Prison Terms
3  subsequently informed this court of parole hearings set in 2002,
4  2003, and 2004. Petitioner has provided no information (such as
5  transcripts and supporting reports) concerning his parole hearings
6  or the reasons parole has repeatedly been denied.
7      For the reasons stated above, further consideration of
8  this matter is not warranted. The petition is denied.
9      DATED this 6th day of APRIL 2006.

JONATHAN B. CONKLIN
JUDGE OF THE SUPERIOR COURT

Original

| Name | Sylvester Strong Sr. |
|---|---|
| Address | P.O. Box 689 |
| | Soledad, CA. |
| | 93960-0689 |
| CDC or ID Number | D-99287 |

FILED
MAR 30 2006
FRESNO SUPERIOR COURT
By _____
DEPUTY

IN THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF FRESNO
(Court)

| SYLVESTER STRONG Sr. @2477398 |
|---|
| Petitioner |
| vs. |
| A.P. KANE, WARDEN. |
| Respondent |

PETITION FOR WRIT OF HABEAS CORPUS

No. 06CRWR677826
(To be supplied by the Clerk of the Court)

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six
Form Approved by the
Judicial Council of California
MC-275 (Rev January 1, 1999)

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code. § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

☐ A conviction  ☒ Parole

☒ A sentence  ☐ Credits

☐ Jail or prison conditions  ☐ Prison discipline

☒ Other (specify): Being held prisoner beyond my MAXIMUM ELIGIBLE PAROLE DATE OF JUNE 29, 05

1. Your name: Sylvester Strong Sr.

2. Where are you incarcerated? Correctional Training Facility - East Dorm - 40 - Low

3. Why are you in custody?  ☒ Criminal Conviction  ☐ Civil Commitment

   Answer subdivisions a. through i. to the best of your ability.

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   Second degree murder, assualt w/deadly weapon

   b. Penal or other code sections: 187 - 245(a)

   c. Name and location of sentencing or committing court: Superior Court of California - Fresno County
      1100 Van Ness Avenue, Fresno, CA

   d. Case number: 380750-0

   e. Date convicted or committed: 09-12-1988

   f. Date sentenced: 10-21-1988

   g. Length of sentence: 18 year Lid - see Exhibit A line 17 - 20.

   h. When do you expect to be released? June 29, 2005

   i. Were you represented by counsel in the trial court? ☒ Yes. ☐ No. If yes, state the attorney's name and address:
      Jose Villarreal, public defender of Fresno County by: Charles Dreiling Deputy Public Defender

4. What was the LAST plea you entered? (check one)

   ☐ Not guilty  ☐ Guilty  ☒ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

---

MC-275 [Rev. January 1, 1999]        PETITION FOR WRIT OF HABEAS CORPUS        Page two of six

GROUND ONE:

Petitioner's confinement is unlawful, he is being held in custody beyond his contracted plea agreement of 18 years, his MAXIMUM ELIGIBLE PAROLE DATE set at June 29, 2005, and his Constitutional Proportional Sentence, showing cause for this court to order his immediate release.

Petitioner entered into a contract with the State of California, in exchange for a guilty verdict, he would serve no more than 18 years. California courts are required to construe and interpret plea agreements in accordance with state contract law, Ricketts v. Adamson, 483 U.S 1; due process rights conferred by the federal constitution allow petitioner to enforce the terms of the plea agreement, Brown v. Poole, 337 F.3d 1159. The attached Abstract of Judgment (Ex A) shows he was sentenced to sentence other than a life term, and the Judge ordered his sentence to have a **18 year Lid** (Ex B). The California Department of Corrections has in petitioner's Central File a Form (Ex C) CDC 1897M which clearly shows that petitioner's date has in fact been set at a Maximum of 6-29-05, his Maximum Term under In re Rodriquez, (1975) 14 Cal.3d 639, (his constitutional proportional sentence) and his contracted **plea agreement 18 year lid** (Ex B ln 18). Petitioner filed a CDC 602, a vain attempt to obtain release, the department responded that they did not set this date, and therefore have no jurisdiction to release petitioner (Ex D).

The California Supreme Court held in In re Dannenberg, 23 Cal.Rptr.3d 417, 435-436, once a maximum parole date constitutionally proportionate to the individual culpability is set, the Board of Prison Terms (BPT) can grant parole before the end of the maximum term, but Corrections must release him upon the expiration of that maximum term. In Rodriquez supra fn 18, the California Supreme Court found: "newly committed inmates undergo an initial

period of observation and classification, where the Authorities announced its intent to fix terms for most prisoners.

California Penal Code §5003.5 mandates: "The Board of Prison Terms and the Director of Corrections **shall** cooperate with each other in the establishment of the classification, transfer, and discipline policies of the Department of Corrections, to the end that the objectives of the State Corrections System can best be attained. The director and the Board of Prison Terms **shall**, not less than four times each calendar year, meet for the purpose of discussion of classification, transfer, and discipline policies and problems and it is the intent of the Legislature that whenever possible there shall be agreement on these subjects."..."In the event there is no agreement the Board of Prison Terms **Shall** file in writing with the Board of Corrections a statement of its proposals or recommendations to the director."

There is no record, that petitioner has found, that the BPT ever objected to his Maximum Terms being set at 6-29-2005.

In <u>Dannenberg</u>, supra, the court held, even if sentenced to a life-maximum term, no prisoner can be held for a period grossly disproportionate to his or her individual culpability for the commitment offense. Such excessive confinement, we have held, violates the cruel or unusual punishment clause (art. I § 17) of the California Constitution (<u>Rodiquez</u>, supra, 14 Cal.3d 639, 646-656; <u>Wingo</u>, 14 Cal.3d 169, 175-183.) Thus, we acknowledge, section 3041, subdivision (b) cannot authorize such an inmate's retention, even for reasons of public safety, beyond this constitutional maximum period of confinement.

Most recently, the 9th Circuit Court of Appeals upheld <u>Buckley v. Terhune</u>, 266 F.Supp.2d 1124, in <u>Buckley v. Terhune</u>, (slip opinion, page 2809, case number 03-55045), holding: The language of the contracted plea agreement should be interpreted most strongly against the State who has

4

caused an uncertainty to exist. The inquiry considers not the subjective belief of the promisor but, rather the "objectively reasonable" expectation of the promisee, (Id at 2823).

Given the direct conflict in the terms of the plea agreement to which petitioner was sentenced, this court must adopt the construction of the plea agreement most favorable to petitioner (Id at 2828). As proven above, petitioner has a maximum Lid (sentence or term) promised by the state of 18 years, (Ex B) the state calculated his term, to end 6-29-2005 (Ex C).

The State of California is in breach of the plea agreement by now imposing a indeterminate (life without parole) life sentence, of which petitioner can only submit himself to the BPT, who has and will deny him parole in violation of the plea agreement, the Law, and jurisdiction. This breach has a substantial and injurious effect upon petitioner. Brecht v. Abrahamson, 507 U.S. 619, 637.

Where a plea agreement is breached, the purpose of the remedy is, to the extent possible, to "repair the harm caused by the breach" Buckley supra, at 2829, citing Toscano, 124 Cal.App.4th at 345 (citing People v. Kaanehe, 19 Cal.3d at 14 (1977)).

The 9th Circuit in Buckley, supra, the question: What has transpired since the agreement was made? And, gave the option to Buckley of withdrawing his plea (to face trial) or simply be released.

The BPT could have reduced petitioner's maximum eligible parole date from June 29, 2005, down to December 10, 1999 (Ex C) but has no jurisdiction to extend that date, clearly failing to consider these laws is denial of due process.

I declare under penalty of perjury the above true and correct.

## CONCLUSION

**THEREFORE:** Petitioner entered a plea agreement for an 18 year Lid, has served his sentence, his maximum eligible parole date fixed at June 29, 2005, under <u>Rodriquez</u>, and his plea agreement constituting his constitutional proportional sentence has past by 8 months. The California Supreme Court mandated in <u>Dannenberg</u> supra, release upon the expiration of this date is **mandatory**. The United States Court of Appeal (9th Circuit) in <u>Buckley</u>, supra, makes release **mandatory** at the end of the plea agreement. Petitioner is unlawfully being held past his 18 year sentence, his maximum term set at 6-29-2005 and must be release from prison immediate.

Dated: March 26, 2006

Respectfully Submitted,

*Sylvester Strong Sr.*
Sylvester Strong Sr.

4b

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☒ No. If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): _____
   b. Result: _____    c. Date of decision: _____
   d. Case number or citation of opinion, if known: _____
   e. Issues raised: (1) _____
      (2) _____
      (3) _____
   f. Were you represented by counsel on appeal? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known: _____

9. Did you seek review in the California Supreme Court? ☐ Yes. ☒ No. If yes, give the following information:
   a. Result: _____    b. Date of decision: _____
   c. Case number or citation of opinion, if known: _____
   d. Issues raised: (1) _____
      (2) _____
      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    Issue was not ripe for review until the expiration of my Maximum Eligible Parole Date of June 29, 2005.

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
    CDC 602 was filed on 3-15-2006, denied March 16, 2006, reason was the Department of Corrections claimed they did not set the Maximum Eligible Parole Date of June 29, 2005, and therefore has no jurisdiction to release petitioner; which can only direct one to believe that the only other departments who could have fixed the Maximum Eligible Parole Date would be the Board of Prison Hearings and the Fresno County Court through the acceptance of the plea agreement. CDC 602 and the denial is attached as exhibit D.

    b. Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.
    Attach documents that show you have exhausted your administrative remedies.

MC-275 [Rev. January 1 1999]    PETITION FOR WRIT OF HABEAS CORPUS    Page five of six

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? [XX] Yes. If yes, continue with number 13. [ ] No. If no, skip to number 15.

13. a. (1) Name of court: __Superior Court of California - County of Fresno.__

   (2) Nature of proceeding (for example, "habeas corpus petition"): __Habeas Corpus__

   (3) Issues raised: (a) __Breach of Plea Agreement__

   (b) __Misrepresentation of Terms of Plea Agreement__

   (4) Result (Attach order or explain why unavailable): __Denied__

   (5) Date of decision: __10-14-2003__

   b. (1) Name of court: __California Court of Appeals - Fifth Appellate District__

   (2) Nature of proceeding: __Habeas Corpus__

   (3) Issues raised: (a) __Same as above__

   (b) _____

   (4) Result (Attach order or explain why unavailable): __Denied__

   (5) Date of decision: __12-4-2003__

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
    __No hearing held.__

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
    __No delay, sentence has been completed, petitioner is now required to be released.__

16. Are you presently represented by counsel? [ ] Yes. [XX] No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? [XX] Yes. [ ] No. If yes, explain:
    __Petition for writ of habeas corpus - US District Court - Eastern District of California__
    __CV 00112 OWW TAG HC__

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
    __N/A__

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: __March 26, 2006__

▶ __/s/ Sylchester Strong Jr.__
SIGNATURE OF PETITIONER

MC-275 [Rev. January 1, 1999]    PETITION FOR WRIT OF HABEAS CORPUS    Page six of six